IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES HARPER,                                           CV. 05-732-MA

        Petitioner,                              OPINION AND ORDER

  v.

CHARLES A. DANIELS, Warden,
FCI Sheridan; UNITED STATES
PAROLE COMMISSION,

        Respondents.


JAMES HARPER
Inmate #75856-011
Federal Correctional Institution
PO Box 5000, Unit 4A-202L
Sheridan, Oregon  97378-5000

    Petitioner, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
District of Oregon
HERBERT C. SUNDBY
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

    Attorneys for Respondent

MARSH, Judge

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner challenges the United States Parole Commission's (the Commission) (1) 1994 decision denying petitioner parole and setting a 15-year reconsideration hearing in January, 2009; and (2) 2004 decision to make "no change" to the 15-year reconsideration date. Petitioner seeks an immediate reconsideration hearing before the Commission, or in the alternative, release from prison.

Currently before the court is petitioner's motion for default judgment (#13). Petitioner moves for the entry of judgment, pursuant to Fed. R. Civ. P. 55(a), on the basis that respondent failed to file a timely response.[1] Respondent opposes the entry of judgment, explaining that the delay in their response was caused by the retirement of an Assistant United States Attorney and counsel's oversight. Additionally, respondents argue that petitioner is not entitled to a default judgment because this court lacks subject matter jurisdiction over petitioner's claims and petitioner has not shown "a claim or right to relief" under Fed. R. Civ. P. 55(e).

For the reasons set forth below, petitioner's motion for default judgment (#13) is DENIED. However, petitioner's motion for

---

[1] Pursuant to this court's scheduling order (#9) respondent's response was due June 30, 2005, but was filed August 4, 2005 (#15).

appointment of counsel (#10) is GRANTED, and all other pending motions are DENIED, with leave to refile by counsel.

**PROCEDURAL BACKGROUND**

Petitioner pleaded guilty to one count of conspiring to deliver national defense information to a foreign government in violation of 18 U.S.C. § 794(c). On May 14, 1984, he was sentenced to life imprisonment.

Petitioner moved to vacate his conviction in the Northern District of California, pursuant to 28 U.S.C. § 2255. The district court denied the motion and, in Harper v. United States, 945 F.2d 409 (9th Cir. 1991), the Ninth Circuit affirmed the district court's decision. On October 7, 1998, petitioner filed two motions – to compel specific performance of his plea agreement, and for relief from judgment – in the Northern District of California. In United States v. Harper, 65 F.3d 176 (9th Cir. 1995), the Ninth Circuit affirmed the district court's denial of petitioner's motions, which it re-construed as motions pursuant to 28 U.S.C. § 2255.

On January 4, 1994, petitioner was given an initial parole hearing. In the "initial hearing summary", the hearing panel recommended that parole be denied and that a reconsideration hearing be set in 15 years (January, 2009). On March 2, 1994, the National Commissioners ordered petitioner to continue for a 15-year reconsideration hearing in January, 2009. Chief among the Commissioners' reasons was that paroling petitioner after only 123

3 - OPINION AND ORDER

months of incarceration "would significantly diminish the seriousness of the offense." (Petitioner's Exhibits in Support of Statutory Interim Hearing (#6), Ex. 11).

On April 14, 1994, petitioner appealed the National Commissioners' decision. On August 19, 1994, the full Commission agreed with petitioner that it wrongly considered information obtained after his plea agreement was reached in denying him parole. (Id., Ex. 13). Nevertheless, the Commission determined that the decision to set a 15-year reconsideration date was warranted based on the offense conduct for which petitioner was convicted.

On October 11, 1995, petitioner challenged the Commission's 1994 parole decision in the District of Oregon under 28 U.S.C. § 2241. The Ninth Circuit affirmed this court's August 22, 1996, denial of habeas corpus relief in Harper v. Crabtree, 127 F.3d 1105 (9th Cir. 1997) cert. denied, 525 U.S. 856 (1998). On August 31, 2000, petitioner again filed for habeas corpus relief pursuant to 28 U.S.C. § 2241, this time in the District of Columbia. After the case was transferred to the District of Oregon, this court granted petitioner's motion to dismiss his petition without prejudice.

On February 10, 2004, the Commission held a statutory interim hearing. On February 24, 2004, the Commission issued a Notice of Action stating that "no regulatory or procedural changes have been made by the Parole Commission since [petitioner's] last hearing

4 - OPINION AND ORDER

which would positively affect [his] case in terms of offense severity or salient factor scoring." (Petitioner's Brief in Support of Habeas Petition, Ex. G). The Commission ordered "no change" in petitioner's 15-year reconsideration date of January, 2009. On May 9, 2004, petitioner filed an appeal. On September 21, 2004, the National Appeals Board (NAB) issued a Notice of Action on Appeal, affirming the Commission's decision. (<u>Id</u>., Ex. C).

On May 24, 2005, petitioner filed the instant § 2241 petition, in which he alleges: (A) the Commission did not follow correct procedure in deciding petitioner's administrative appeal of 1994; (B) the Commission's February 24, 2004, Notice of Action is not supported by the reasons stated therein; (c) mitigating circumstance justify a more lenient decision; (D) extraordinary and geriatric reasons justify a more lenient decision; and (E) the Commission's retroactive application of its new 15-year reconsideration rule violates the Ex Post Facto Clause.

## **DISCUSSION**

### I. **Default Judgment**

Based on the late response by the government to his petition, petitioner moves this court to enter a default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure (FRCP). However, judgment by default against the United States "cannot be obtained unless the claimant first establishes 'his claim or right

5 - OPINION AND ORDER

to relief by evidence satisfactory to the court.'" Bermudez v. Reid, 733 F. 2d 18, 21-22 (2nd Cir., 1984)(quoting FRCP 55(e)).

In Bermudez the Court held that default judgment should not be granted for a habeas petitioner without a court first reaching the merits of the underlying claim. It noted that default in the habeas context presents a different situation than default in civil cases because the public at large would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them. Id.; see also Campbell v. Eastland, 307 F. 2d 478, 491 (5th Cir., 1962), cert. denied, 371 U.S. 955 (1963) (Rule 55(e) "rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant").

Since, as discussed below, petitioner has not yet established entitlement to review of his habeas claims, his motion for default judgment is denied.

**II. Successive Petition**

Under 28 U.S.C. § 2244(a), a district court may dismiss a petition for writ of habeas corpus brought pursuant to § 2241 if it appears that a federal court has previously passed on the legality of the petitioner's detention in a prior habeas application. Where the second or successive petition raises new claims that could have

been raised previously, the abuse-of-the-writ doctrine applies. McCleskey v. Zant, 499 U.S. 467, 483-84 (1991); see also Barapind v. Reno, 225 F.3d 1100 (9th Cir. 2000)(§ 2241 petition should be considered in the context of abuse-of-the-writ doctrine, in harmony with the Antiterrorism and Effective Death Penalty Act); Carriger v. Stewart, 132 F.3d 463 (9th Cir. 1997). Under the abuse-of-the-writ doctrine, this court may decline to exercise jurisdiction over a § 2241 petition that repeats claims previously decided on the merits, or that asserts new claims the petitioner could have brought in a prior petition.

A petitioner must demonstrate "cause" and "prejudice" for failing to raise the claim earlier, or that a fundamental miscarriage of justice would result from the court's refusal to entertain successive or new claims. McCleskey, 499 U.S. at 483-84; Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004); see also Schlup v. Delo, 513 U.S. 298, 319-22 (1995)(finding that even a successive habeas claim must be adjudicated when required by the "ends of justice").

In this case, respondent contends petitioner is barred by the prohibitions against successive petitions in 28 U.S.C. § 2244(a) and (b) because he asserts the same claims in the instant petition as he brought on October 11, 1995, in Civil Case 95-01573-CO, which this court rejected, and the Ninth Circuit affirmed. According to respondent, petitioner must seek authorization from the Ninth

Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), prior to filing a successive habeas petition. Thus, respondent believes that this court lacks subject matter jurisdiction to review petitioner's "successive" habeas petition.

Petitioner correctly argues that § 2244(b) does not apply to petitions brought under § 2241, and thus, Ninth Circuit authorization is not required. See Barapind, 225 F.3d at 1111 (stating that § 2244(b) applies only to petitions filed pursuant to 28 U.S.C. § 2254). Nevertheless, after review and consideration of the instant claims under the abuse-of-the-writ doctrine, it appears some or all of petitioner's claims may be successive or new claims that could have been raised in his previous § 2241 petition.

Although petitioner purports to challenge a "different administrative judgment" than the Commission's 1994 decision, namely, the National Appeals Board's 2004 interim hearing decision, he pays minimal attention to the issues regarding the Commission's 2004 interim decision, devoting most of his argument, instead, to the Commission's 1994 decision denying parole. Due to the voluminous nature of the pleadings and exhibits submitted in this case, in addition to the fact that this is the third § 2241 petition petitioner has filed since the Commission's 1994 decision denying parole, I find the interests of justice merit appointing counsel to assist in clarifying petitioner's grounds for relief.

It bears mentioning that if this court were to reach the merits of petitioner's claims after counsel has had an opportunity to file a supplemental memorandum, my review of the Commission's decision would be limited. Generally, the Commission is vested with absolute discretion in matters of parole. <u>Wallace v. Christensen</u>, 802 F. 2d 1539, 1551 (9th Cir. 1986). A Commission decision is reversible by this court only if it was so arbitrary and capricious as to be beyond the scope of the Commission's discretion, or violative of the petitioner's constitutional rights. <u>Id</u>. at 1551-52.

Accordingly, petitioner shall have sixty (60) days from the date of this order to file a supplemental memorandum in support of petitioner's § 2241 petition, with leave to amend his claims as necessary. Not later than sixty (60) days following the filing of petitioner's supplemental memorandum, respondent shall file a response. The clerk shall set the under advisement deadline seventy-five (75) days after the filing of respondent's response.

## **CONCLUSION**

Based on the foregoing, petitioner's motion for default judgment (#13) is DENIED. Petitioner's motion for discovery (#11) is DENIED with leave for counsel to re-file.

Petitioner's motion for appointment of counsel (#10) is GRANTED. The Federal Public Defender, 101 S.W. Main, Suite 1700, Portland, Oregon 97204, is appointed to represent petitioner in

9 - OPINION AND ORDER

this proceeding.  See 18 U.S.C. § 3006A(a)(2)(B).  The Clerk is directed to send the Federal Public Defender a copy of the file.

IT IS SO ORDERED.

DATED this 15th day of December, 2005.

                                                              _/s/  Malcolm F. Marsh_____
                                                              Malcolm F. Marsh
                                                              United States District Judge